UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAMSON DIMANCHE,

    Petitioner,

v.                        Case No. 8:10-CV-1165-T-24TGW

UNITED STATES OF AMERICA,

    Respondent.

_____/

ORDER

This cause comes on for consideration of Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cv-D-1, Cr-D-99.) Because review of "the motion and the files and records of the case conclusively show that the [Petitioner] is entitled to no relief," the Court will not cause notice of the motion to be served upon the United States Attorney but shall proceed to address the matter. See 28 U.S.C. § 2255.

By way of background, on August 23, 2007, after a jury trial, Petitioner was convicted of distributing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). A Presentence Investigation Report was prepared for purposes of sentencing. Petitioner had a base offense level of 32 based on 208.4 grams of cocaine base. (PSI ¶ 17.) He received a two-level enhancement for obstruction of justice for a total offense level of 34. (Id. at ¶ 21 and 24.) Petitioner's criminal history category was III. Id.

at 40.) Based on his total offense level and criminal history category, Petitioner's guideline imprisonment range was 188-235 months. (Id. at 72.) However, because the Government had filed notice of Petitioner's prior felony drug conviction (Cr-D-21), Petitioner was subject to a mandatory minimum term of imprisonment of 20 years pursuant to 21 U.S.C. § 841(b)(1)(A). (PSI at ¶ 72.)

On December 5, 2007, the Court sentenced Petitioner to a term of imprisonment of 240 months. Petitioner appealed. On November 5, 2008, the Eleventh Circuit Court of Appeals found that an independent examination of the entire record revealed no arguable issues of merit and affirmed Petitioner's conviction and sentence. United States v. Dimanche, 289 Fed. Appx. 392 (11th Cir. 2008).

On May 12, 2010, Petitioner filed the instant § 2255 motion challenging the Court's application of the enhancement at sentencing. Petitioner claims that his prior conviction does not constitute a "serious drug offense." Petitioner further claims ineffective assistance of counsel at sentencing as a result of his attorney's failure to challenge the validity of the enhancement. Petitioner also seeks to invoke the rule of lenity in determining whether his possession conviction triggers an enhancement.

## DISCUSSION

There is a one-year statute of limitations period on the filing of all non-capital habeas petitions and motions attacking sentence in federal courts. 28 U.S.C. §§ 2244(d)(1), 2255. Unless

one of the three exceptions applies as provided in § 2255 (2)-(4), the statutory period begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(1). If a criminal defendant does not file petition for writ of certiorari with the Supreme Court on direct review, "§ 2255's one-year limitation period starts to run when the time for seeking such review expires." Clay v. United States, 537 U.S. 522, 532 (2003).

As indicated above, the Eleventh Circuit affirmed Petitioner's sentence on November 5, 2008. Pursuant to Rule 13.1, Sup.Ct. R., Petitioner had ninety days thereafter, until February 3, 2009, to file a petition for writ of certiorari. Petitioner did not do so, and, as such, his conviction became final on February 3, 2009. Thus, he had one year from that date, until February 3, 2010, to file a § 2255 motion. Because Petitioner did not file his motion until May 12, 2010, Petitioner's motion pursuant to § 2255 is time-barred.

The Court notes that Petitioner appears to argue for the applicability of the exception set forth in 28 U.S.C. § 2255(3), which provides that the statute of limitations runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Petitioner specifically relies on Johnson v. United States, --- U.S. ----, 130 S.Ct. 1265 (2010), decided on March 2, 2010, wherein

3

the Supreme Court held that the crime of battery under Florida law does not meet the definition of "violent felony" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(i). Johnson does not apply to Petitioner based on the facts of his sentencing, however, as Petitioner was not sentenced under the ACCA. Rather, Petitioner was sentenced under the Controlled Substances Act (21 U.S.C. § 801, et seq.). Petitioner's reliance on Johnson is therefore misplaced, and his § 2255 motion is untimely.

Even if Petitioner's motion were timely, he would not be entitled to relief. First, Petitioner's claim that the sentencing enhancement was incorrectly applied lacks merit. In this regard, on July 10, 2007, the Government filed an Information and Notice of Prior Conviction. (Cr-D-21.) The Notice asserted that Petitioner was convicted of possession of cannabis with intent to sell and/or deliver in August 2005 and, as such, advised Petitioner that he was subject to an enhancement of the applicable mandatory minimum term of imprisonment to twenty years pursuant to 21 U.S.C. § 841(b)(1)(A). (Cr-D-21.) Section 841(b)(1)(A) provides that, "[i]f any person commits a violation of this subparagraph...after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a mandatory term of twenty years and fined in accordance with the preceding sentence...." 21 U.S.C. § 841(b)(1)(A). A "felony drug offense" is "an offense that is punishable by imprisonment for more than one year under any law of

4

the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marijuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44).

The records submitted by Petitioner in support of his motion show that Petitioner pled guilty to possession of cannabis with the intent to sell or deliver in violation of Fla. Stat. § 893.13. (Cv-D-1, Exh. A, p. 32, 37, 39, 44.) Florida law provides that cannabis is a controlled substance. Fla. Stat. § 893.03(1)(c)(7). The documents submitted by Petitioner further indicate that the offense to which Petitioner pled is a third degree felony. ( See Cv-D-1, Exh. A, p. 32, 37, 39, 44.) Under Florida law, a felony of the third degree is punishable by a term of imprisonment not to exceed 5 years. Fla. Stat. § 775.082(3)(d);see also Cv- D-1, Exh. A, p. 32.)

While Petitioner contends that his prior conviction was "non-violent" and "of minor nature," and therefore not a "serious drug offense" (Cv-D-1, p. 28, 29, 30 ), the applicable statute mandates a minimum mandatory sentence of 20 years where a defendant has been previously convicted of a "felony drug offense." 21 U.S.C. § 841(b)(1)(A)(iii). Petitioner's 2005 State conviction for possession of cannabis with intent to sell or deliver constitutes a felony drug offense. As such, the enhancement was appropriately applied.

Petitioner's ineffective assistance of counsel claim relating to his attorney's failure to raise the issue at sentencing also fails. Attorney Lopez addressed at the sentencing hearing Petitioner's prior conviction and the resulting enhancement. Attorney Lopez stated:

> [A]pparently he's being enhanced to the 20-year minimum mandatory due to a prior. He advised me that that prior, you know, it involved a situation where he did have some good defenses to that situation. This was in Polk County. It was a possession of marijuana with intent to sell or deliver. However, the state in recognizing that they may have problems with their case, which often happens in state court, they will, you know, go below the guidelines and make an offer of probation, which they did in his case. And being a young man with, you know, a future, he did not want to be incarcerated and took that offer.
>
> We understand that the Court must recognize that as a guilty plea, and that he obviously is eligible for enhancement based on -- on that prior, but we would just request that the Court, given his lack of significant prior history as far as any crimes of violence, significant drug crimes, other than that one, that the Court impose no more than the 240 months, which is the minimum mandatory in this case.

(Cr-D-80, p.7-8.)

While attorney Lopez did not object to the enhancement, he had no basis to do so. In this regard, the controlling law in the Eleventh Circuit holds that a "felony drug offense" includes "any criminal conduct relating to narcotics, including simple possession, which a state has proscribed as a felony." United States v. Hansley, 54 F.3d 709, 718 (11th Cir. 1995) (footnote omitted). The failure to raise a nonmeritorious issue does not

6

constitute ineffective assistance of counsel. Brownlee v. Haley, 306 F.3d 1043, 1066 (11th Cir. 2002). Additionally, Petitioner has not demonstrated a reasonable probability that the outcome of his sentencing would have been different had his attorney objected to the enhancement. See Strickland v. Washington, 466 U.S. 668, 694 (1984).

Finally, Petitioner urges the Court to apply the rule of lenity to determine "whether the § 851 definition of 'serious drugs' was meant to include all felony drug ... convictions, even those based on de minimis possession...." (Cv-D-1, Exh. A, p. 27.) The memorandum of law Petitioner submits in support of his argument for application of the rule of lenity, entitled "Supplemental Support Brief and Facts" (Cv-D-1, Exh. A, p. 1-27), is essentially a copy of the Brief Amicus Curiae of the National Association of Criminal Defense Lawyers in Support of Petitioner filed in Johnson v. United States, No. 08-0625, 2009 WL 1580306 (U.S. June 3, 2009). The arguments included in that brief are not applicable to the instant case. As previously stated, Johnson resolved whether the Florida felony offense of battery constitutes a "violent felony" under the ACCA. 130 S.Ct. 1265. Petitioner was enhanced under § 841. The definition of "felony drug offense" as set forth under 21 U.S.C. § 802(44), and not the ACCA, controls enhancing a sentence under § 841. United States v. Thomas, Nos. 8:01-cr-70-T-23TBM, 8:05-cv-580-T-23TBM, 2010 WL 1379908 (M.D. Fla. March 31, 2010).

7

Furthermore, the Supreme Court has held that: "Congress expressly defined the term 'felony drug offense.' The definition is coherent, complete, and by all signs exclusive. Accordingly, there is no ambiguity for the rule of lenity to resolve." Burgess v. United States, 553 U.S. 124 (2008). As the Supreme Court has found that there is no ambiguity with regard to the term "felony drug offense," there is no need to apply the rule of lenity in this case.

### EVIDENTIARY HEARING

As to Petitioner's request for an evidentiary hearing, Petitioner has failed to demonstrate the need for such a hearing. The Court need not conduct an evidentiary hearing where it is evident from the record that the petitioner was not denied effective assistance of counsel. Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991). Based on the foregoing analysis, the Court does not find that an evidentiary hearing is warranted.

IT IS ORDERED that:

(1) Petitioner's Motion under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cv-D-1, Cr-D-99) is DENIED.

2) The Clerk is directed to enter judgment in favor of the Government and CLOSE the civil case.

# CERTIFICATE OF APPEALABILITY AND

# LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

DONE AND ORDERED at Tampa, Florida this 4th day of June, 2010.

_____
WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE